Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
*Attorneys for Defendant Possible Productions Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREEM HINES, PRIAMO FERMIN and NEFTALI PELLOT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br><br> CBS TELEVISION STUDIOS, A DIVISION OF CBS STUDIOS INC.; CBS BROADCASTING INC.; EYE PRODUCTIONS INC.; and POSSIBLE PRODUCTIONS INC., <br><br> Defendants. | Civil Action No.  15-cv-07882 (PGG) <br><br> **ELECTRONICALLY FILED** |

**ANSWER AND DEFENSES OF DEFENDANT**
**POSSIBLE PRODUCTIONS INC. TO PLAINTIFFS'**
**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant Possible Productions Inc. ("Possible Productions") ("Defendant") by and through its attorneys Morgan, Lewis & Bockius LLP, hereby answers the First Amended Collective and Class Action Complaint (the "Complaint") filed by Plaintiffs Kareem Hines ("Hines"), Priamo Fermin ("Fermin") and Neftali Pellot ("Pellot") (together, "Plaintiffs") in accordance with the numbered Paragraphs thereof as follows:

## INTRODUCTION

1.      Except to admit that it is involved in the production of television shows, Defendant denies the allegations in Paragraph 1 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint as they concern any other defendant, and on that basis denies these allegations.

2.      Except to admit that it is involved in the production of television shows, Defendant denies the allegations in Paragraph 2 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint as they concern any other defendant, and on that basis denies these allegations.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Except to admit, upon information and belief, that Parking Production Assistants ("PPAs") provide services on some television series produced in New York, and that PPAs generally assist in securing sets, lots and streets, Defendant otherwise denies the allegations in Paragraph 4 of the Complaint.

5.      Except to admit that PPAs assist in securing set locations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies these allegations.

6.      Except to admit, upon information and belief, that PPAs who work on some productions in New York are non-exempt employees, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiffs purport to bring this lawsuit as a "collective and class action" under the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL"), but denies that collective or class action treatment is appropriate and further denies that Defendant violated any laws or that Plaintiffs are entitled to any relief, and otherwise denies the allegations in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations in Paragraph 8 of the Complaint.

9.    Defendant denies the allegations in Paragraph 9 of the Complaint.

10.    Defendant admits that Plaintiffs purport to bring this lawsuit on behalf of themselves and others "similarly situated" under the FLSA, but denies that collective or class action treatment is appropriate.  Defendant further denies that it violated the FLSA or any law or that Plaintiffs are entitled to any relief, and otherwise denies the allegations in Paragraph 10 of the Complaint.

11.    Defendant admits that Plaintiffs purport to bring this lawsuit on behalf of themselves and a "class" of other individuals under the NYLL, but denies that collective or class action treatment is appropriate.  Defendant further denies that it violated the NYLL or any law or that Plaintiffs are entitled to any relief, and otherwise denies the allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.    The allegations in Paragraph 12 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that Plaintiffs invoke the Court's jurisdiction under the statutes listed in Paragraph 12 of the Complaint, but denies that any events or omissions concerning Defendant took place that would entitle Plaintiffs to recover damages or to secure equitable relief.

13.    The allegations in Paragraph 13 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that Plaintiffs invoke the Court's supplemental jurisdiction under the statute listed in Paragraph 13 of

the Complaint, but denies that any events or omissions concerning Defendant took place that would entitle Plaintiffs to recover damages or to secure equitable relief.

14.     The allegations in Paragraph 14 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that Plaintiffs invoke venue in this district, but denies that any events or omissions concerning Defendant took place that would entitle Plaintiffs to recover damages or to secure equitable relief.  Defendant further denies that it engaged in any "unlawful employment practices."

## THE PARTIES

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies each and every allegation contained therein.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies each and every allegation contained therein.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies each and every allegation contained therein.

18.     The allegations in Paragraph 18 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

19.     The allegations in Paragraph 19 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

20.     The allegations in Paragraph 20 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

21.     The allegations in Paragraph 21 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

22.     The allegations in Paragraph 22 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

23.     The allegations in Paragraph 23 of the Complaint are neither directed towards nor require a response from, Defendant.  To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies each and every allegation contained therein.

24.     Except to admit, upon information and belief, that Fermin worked on the *Billions* production in New York, Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Many of the allegations in Paragraph 25 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendant admits

that it is subject to the FLSA's overtime requirements and otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Defendant admits that Plaintiffs purport to bring claims for relief as a collective action on behalf of themselves and other "similarly situated persons" as described in Paragraph 27 of the Complaint, but denies that collective treatment is appropriate and otherwise denies the allegations in that paragraph.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

## RULE 23 CLASS ALLEGATIONS

32.     Defendant admits that Plaintiffs purport to bring claims for relief as a class action on behalf of themselves and others under the NYLL, but denies that class treatment is appropriate and otherwise denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that Plaintiffs purport to bring claims for relief as a class action on behalf of themselves and others as described in Paragraph 33 of the Complaint, but denies that class treatment is appropriate and otherwise denies the allegations in that paragraph.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits that it has employed more than 500 employees in New York over the past six years.  Defendant denies that the aggregation of Defendant's employees with

the employees of any other defendant is appropriate.  Defendant further denies that any "filming location" was "theirs".  Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint as they concern any other defendant, and on that basis denies these allegations.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint, including each subpart (a) through (h) thereof.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint that "Plaintiffs have kept records from their time working for Defendants and their affiliated entities" and that "Plaintiffs' attorneys have substantial experience in this field of law," and on that basis denies these allegations.  Defendant otherwise denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

## STATEMENT OF THE FACTS

43.     Except to admit that Defendant is involved in the production of some shows that have aired on the Showtime cable network, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 43 of the Complaint.

44.     Except to admit, upon information and belief, that Fermin worked on the *Billions* production in New York, Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 44 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 44 of the Complaint.

45.     Except to admit that PPAs assist in securing locations at which shows are produced, Defendant denies the allegations in Paragraph 45 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the second and third sentences contained in Paragraph 52 of Complaint and otherwise denies the remaining allegations contained therein.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and on that basis denies the allegations contained therein.

54.     Defendant admits that a payroll service was engaged to coordinate payroll for some television shows produced in New York and provided with information to process payroll, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations contained therein.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

58.     Except to admit that it is involved in the production of some television shows in New York, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint as they concern any other defendant,

and on that basis denies these allegations and otherwise denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

60.     Except to admit that Defendant produces the television program *Billions*, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies that it was ever involved in the production of the show *Elementary* and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and on that basis denies each and every allegation contained therein.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and on that basis denies each and every allegation contained therein.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and on that basis denies each and every allegation contained therein.

66.     Except to admit, upon information and belief, that Defendant produced the television program *Billions* and that Fermin worked on the *Billions* production, Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies that it was ever involved in the production of the show *Limitless* and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and on that basis denies each and every allegation contained therein.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and on that basis denies each and every allegation contained therein.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and on that basis denies each and every allegation contained therein.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

84.     The allegations in Paragraph 84 of the Complaint contain legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 84 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

85.     The allegations in Paragraph 85 of the Complaint contain legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 85 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations.

## AS AGAINST ALL DEFENDANTS BY ALL BY ALL PLAINTIFFS

### First Cause of Action for Violation of the Fair Labor Standards Act
### 29 U.S.C. §§ 201-219

86.     Defendant repeats and restates each of the above responses as if fully set forth herein.

87.     The allegations in Paragraph 87 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations, except that Defendant admits, upon information and belief, that Fermin worked on the *Billions* production.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendants admit that Hines filed a document entitled "Consent to Join Collective Action" on or around April 28, 2016 (Dkt. No. 107), Fermin filed a document entitled "Consent to Join Collective Action" on or around April 27, 2016 (Dkt. No. 100), and Pellot filed a document entitled "Consent to Join Collective Action" on or around November 2, 2015 (Dkt. No. 17).  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies the remaining allegations in that paragraph.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendant admits that it is subject to the FLSA's overtime requirements, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations and otherwise denies the allegations in Paragraph 90 of the Complaint.

91.     The allegations in Paragraph 91 of the Complaint contain legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations.

92.     The allegations in Paragraph 92 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

93.     The allegations in Paragraph 93 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

94.     The allegations in Paragraph 94 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

95.     The allegations in Paragraph 95 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

**Second Cause of Action for Violation of the New York Labor Law §§ 650 et seq.**

96.     Defendant repeats and restates each of the above responses as if fully set forth herein.

97.     The allegations in Paragraph 97 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations, except to admit, upon information and belief, that Fermin worked on the *Billions* production.

98.     The allegations in Paragraph 98 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

99.     The allegations in Paragraph 99 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that

it is subject to the NYLL's minimum wage and overtime requirements, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph as they concern any other defendant, and on that basis denies these allegations and otherwise denies the remaining allegations in Paragraph 99.

100.    The allegations in Paragraph 100 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

101.    The allegations in Paragraph 101 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

102.    The allegations in Paragraph 102 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

103.    The allegations in Paragraph 103 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

**Third Cause of Action for Violation of the New York Labor Law**

104.    Defendant repeats and restates each of the above responses as if fully set forth herein.

105.    The allegations in Paragraph 105 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

106.    The allegations in Paragraph 106 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

107.    The allegations in Paragraph 107 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

108.    The allegations in Paragraph 108 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

109.    The allegations in Paragraph 109 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

110.    The allegations in Paragraph 110 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

111.    The allegations in Paragraph 111 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant denies the allegations.

## **PRAYER FOR RELIEF**

112.    Defendant denies the allegations set forth in the WHEREFORE clause of the Complaint (inclusive of Paragraphs 112 through 126), and further denies that Plaintiffs and/or the purported members of the collective action and/or class action are entitled to any of the relief demanded therein or to any type of remedy, relief or damages whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## JURY DEMAND

Defendant objects to Plaintiffs' demand for a trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies, liquidated damages, or attorneys' fees or costs, as those remedies and damages are to be decided by the Court.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## SECOND DEFENSE

Plaintiffs' claims and the claims of all purported members of the collective action and/or class action are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a).

## THIRD DEFENSE

Plaintiffs' claims and the claims of all purported members of the collective action and/or class action are barred by the equitable doctrines of laches, waiver, estoppel, offset, and/or unclean hands.

## FOURTH DEFENSE

Plaintiffs cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## FIFTH DEFENSE

Plaintiffs are not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiffs and the putative collective class they seek to represent are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

## SIXTH DEFENSE

Defendant alleges that the claims of Plaintiffs fail because any actions of Defendant were taken in compliance with and/or as required by the laws of the United States.

## SEVENTH DEFENSE

Plaintiffs and all purported members of the collective action and/or class action have received full compensation for all work performed, thereby barring their claims by, among other things, the doctrines of release and payment.

## EIGHTH DEFENSE

If Defendant is found to have failed to pay Plaintiffs or any putative member of the collective action and/or class action any amount due, which Defendant denies, Defendant is entitled under the equitable doctrines of setoff and recoupment to offset overpayments to Plaintiffs or any putative member of the collective action and/or class action against any judgment.

## NINTH DEFENSE

In the event that the Court certifies a class in this matter, Defendant incorporates by reference and realleges all of Defendant's defenses to Plaintiffs' individual claims in response to the claims of each class member.

## TENTH DEFENSE

Plaintiffs' joinder of multiple, unrelated defendants into this single action is improper under Rule 20 of the Federal Rules of Civil Procedure, because, among other things, Plaintiffs' claims do not arise out of the same transaction or occurrence or series of transactions or occurrences as required by the Federal Rules of Civil Procedure, and is prejudicial to Defendant.

## ELEVENTH DEFENSE

Plaintiffs' monetary claims, and the claims of the putative collective action and/or class action members, the existence of which are expressly denied, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## TWELFTH DEFENSE

Plaintiffs are not entitled to recover any liquidated, multiple, or punitive damages, and any allegations in support of a claim for liquidated, multiple, or punitive damages should be stricken because any award of liquidated, multiple, or punitive damages in this action would deny Defendant the due process of law.

## THIRTEENTH DEFENSE

Plaintiffs' claims and the claims of the putative collective action and/or class action members are barred to the extent the time periods for which they are claiming entitlement to compensation fall within the *de minimis* exception to the applicable laws.

## FOURTEENTH DEFENSE

Some or all of the time that Plaintiffs and any individual Plaintiffs seek to represent claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

## FIFTEENTH DEFENSE

Defendant did not exert the necessary control over the compensation, hours, and/or other terms and conditions of work for any Plaintiff and/or putative collective action and/or class action members who have not worked for Defendant, and thus Defendant is not a joint employer with any other defendant in this action or entity under the FLSA or the NYLL.

## SIXTEENTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members they purport to represent, are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

## SEVENTEENTH DEFENSE

Plaintiffs are inadequate and atypical representatives of the putative collective action and/or class action members they purport to represent and Plaintiffs' interests are in conflict with those of the individuals they seek to represent.

## EIGHTEENTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or subsequent to their alleged work activities.

## NINETEENTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members they purport to represent, are barred in whole or in part to the extent Defendant lacked actual or constructive knowledge of the hours allegedly worked.

## TWENTIETH DEFENSE

Plaintiffs' claims for damages, and those of the putative collective action and/or class action members they purport to represent, must be offset in whole or in part by amounts already collected by Plaintiffs and/or owing to and damages suffered by Defendant.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiffs are subject to internal and/or administrative remedies, their claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent that they failed to exhaust these internal and/or administrative remedies.

## TWENTY-SECOND DEFENSE

If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is expressly denied, none of Defendant's acts or omissions constitute willful violation of the FLSA or NYLL.

## TWENTY-THIRD DEFENSE

If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is expressly denied, neither Plaintiffs nor the putative collective action and/or class action members they purport to represent can demonstrate facts sufficient to warrant an award of liquidated damages, nor may they recover both prejudgment interest and liquidated damages under the FLSA.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members they purport to represent, are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## TWENTY-FIFTH DEFENSE

Plaintiffs' NYLL claims are barred for lack of supplemental and pendent jurisdiction.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims, and those of the putative collective action and/or class action members they purport to represent, are barred in whole or in part by their knowing and voluntary agreement to and participation in the compensation agreements which they now claim are illegal.

## TWENTY-SEVENTH DEFENSE

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

## TWENTY-EIGHTH DEFENSE

The monetary claims of Plaintiffs may be barred in whole or in part because they have not appropriately nor adequately mitigated their alleged damages.


Defendant reserves the right to amend this Answer and assert additional defenses and/or supplement, alter, or change Defendant's Answer upon completion of appropriate investigation and discovery.

WHEREFORE, Defendant prays for judgment as follows:

1.     Plaintiffs and/or any putative member of the collective action and/or class action take nothing by the Complaint, and that the Complaint be dismissed in its entirety, with prejudice;

2.     That Plaintiffs be denied collective action status and class action status;

3.     That judgment be entered against Plaintiffs and/or any putative member of the collective action and/or class action in favor of Defendant;

4.     That Defendant be awarded attorneys' fees incurred herein;

5.     That Defendant be awarded costs of suit herein; and

6.     For such other and further relief as the Court deems just and proper.


Dated: New York, New York
      June 22, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:     _/s/ Chelsea L. Conanan_____

Christopher A. Parlo
Chelsea L. Conanan


101 Park Avenue
New York, NY  10178
Tel:  (212) 309-6000
Fax:  (212) 309-6001
chris.parlo@morganlewis.com
chelsea.conanan@morganlewis.com

*Attorneys for Defendant Possible Productions, Inc.*